IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARCOS ANTONIO REYEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | ORDER<br><br><br><br>Case No. 2:07-CV-947<br>*Related to 2:04-CR-410* |

On December 6, 2007, Marcos Antonio Reyez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On December 11, 2007, the government responded, asking this Court to dismiss Reyez's § 2255 motion on the ground that it is untimely. For the following reasons, the Court GRANTS the government's motion to dismiss.

Following a jury trial, Reyez was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and sentenced to 188 months imprisonment. (Civ. Dkt. 29, 36.) Reyez timely filed an appeal in the United States Court of Appeals for the Tenth Circuit. On June 8, 2006, the Tenth Circuit affirmed Reyez's conviction, and on June 30, 2006, the Tenth Circuit's mandate was issued. (Crim. Dkt. 60, 61.) Reyez claims that he was not notified of the Tenth Circuit mandate at the time it was originally issued

1

and that he remained unaware of the Tenth Circuit's decision until December 15, 2006.  Reyez

filed his § 2255 motion on December 6, 2007.

## DISCUSSION

Reyez's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act

(ADEPA), which establishes a one-year limitations period for federal prisoners seeking habeas

relief.  See 28 U.S.C. § 2255, ¶ 6; United States v. Burch, 202 F.3d 1274, 1275 (10th Cir. 2000)

("Congress has established a one-year period of limitations for habeas petitions.").  The precise

language of the statute provides that the one-year limitations period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States is
> removed . . . ;
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6(1)-(4).  The government claims that under § 2255(1) Reyez's motion is
untimely and must be dismissed.  Although the government incorrectly identifies the date on
which the judgment became "final" for purposes of postconviction relief, the Court nonetheless
agrees that Reyez's motion is untimely.[1]

The Supreme Court has explicitly provided that "when a defendant in a federal

prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not next

petition for a writ of certiorari . . . the judgment becomes 'final' for postconviction relief

---

[1] The government asserts that Reyez's motion should be dismissed because he failed to file
within one year after the date his judgment of conviction was affirmed by the Court of Appeals
and the *mandate* was filed.  (Govt.'s Br. at 2.)  The government identifies July 5, 2006, the date
on which district court filed the Court of Appeals' mandate, as the relevant date.  As explained in
detail in text, the one-year limitations period does not run from the date of the Tenth Circuit's
mandate (June 30, 2006) nor does it run from the date the district court *filed* the Tenth Circuit's
mandate (July 5, 2006).

purposes" when the time for filing a petition for certiorari expires.  Clay v. United States, 537

U.S. 522, (2003); see also United States v. Burch, 202 F.3d 1274, 1275 (10th Cir. 2000) ("If a

prisoner does not file a petition for writ of certiorari with the United States Supreme Court after

[his] direct appeal, the one-year limitation period begins to run when the time for filing a

certiorari petition expires.")  In this case, Reyez timely filed a direct appeal with the Tenth

Circuit.  On June 8, 2006, the Tenth Circuit affirmed Reyez's conviction, and on June 30, 2006,

that court's mandate was issued.  See Fed. Rules App. Proc. 40(a)(1) and 41(b) (providing that

when no petition for rehearing is filed, a court of appeals' mandate issues 21 days after entry of

judgment).  Reyez did not file a petition for writ of certiorari, and the time in which he could

have petitioned for certiorari expired on September 8, 2006.  See U.S. Supreme Court Rule 13(1)

(providing that a writ of certiorari to review a judgment entered by a United States court of

appeals is timely filed when it is filed within 90 days after entry of the judgment); see also

United States v. Clay, 537 U.S. 522, 525 (2003) (providing that time to petition for certiorari

expires 90 days after entry of Court of Appeals' judgment and 69 days after the issuance of the

appellate court's mandate).  Therefore, under § 2255, ¶ 6(1), the one-year limitations period

began to run at that time.  Because Reyes did not file his § 2255 motion until December 6, 2007,

approximately one year and three months later, the Court finds his motion is untimely.

Reyez acknowledges that he filed his § 2255 motion after the one-year limitations period

set forth in subsection (1) had expired.  He claims, however, borrowing language from

subsection (4), that the limitations period should be extended because "the deficiencies in

appellate counsel's performance did not become known until December 15, 2006."  (Civ Dkt. 1,

2.)  Although subsection (4) can, under certain circumstances, extend the limitations period

beyond one year from the date on which the judgment of conviction became final, it does not apply in this case.[2]

Under subsection (4), the one-year limitations period does not begin to run until "the date on which the facts supporting the claim could have been discovered through the exercise of due dilligence." In this case, the claim identified in Reyez's § 2255 motion is based on ineffective assistance of *trial counsel,* and *trial counsel's* failure to file a motion for new trial. Because Reyez has been aware of the facts supporting his ineffective assistance of trial counsel claim since the conclusion of trial, application of subsection (4) would actually present an earlier limitations date than the date Reyez's conviction became final, and the alleged "deficiencies in appellate counsel's performance" are irrelevant. Moreover, by Reyez's own admission he became aware of the Tenth Circuit's decision no later than December 15, 2006, and thereafter had nine months in which he could have timely filed his § 2255 motion.

For the foregoing reasons, Reyez's § 2255 motion is dismissed.

It is so ordered.

Dated this 19th day of February, 2008.

Dee Benson
United States District Judge

---

[2]It is undisputed that subsections (2) and (3) do not apply. The record contains no indication of either governmental action preventing Reyez from making a motion, or a newly recognized right made retroactively applicable. See 28 U.S.C. § 2255, ¶ 6 (2), (3). Moreover, the case does not present extraordinary circumstances such that Reyez would receive the benefit of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (concerning § 2254); see also United States v. Willis, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (concerning § 2255).